**KYM S. CUSHING**
Nevada Bar No. 4242
**DAVID P. PRITCHETT**
Nevada Bar No. 10959
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
Kym.Cushing@wilsonelser.com
David.Pritchett@wilsonelser.com
*Attorneys for Defendant Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA FORREST,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Foreign Corporation; DOES 1-10, and ROE BUSINESS ENTITIES 1-1 inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

Defendant, COSTCO WHOLESALE CORPORATION, by and through its counsel of record, Kym Samuel Cushing, Esq. and David P. Pritchett, Esq. of the law firm WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby submits this Notice of Removal, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Removal of this action is warranted pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. In support of this Notice of Removal, COSTCO WHOLESALE CORPORATION states as follows:

1. On March 12, 2015, the plaintiff, SANDRA FORREST, filed an action in the Eighth Judicial District Court of Clark County Nevada, captioned *SANDRA FORREST, Plaintiff, v. COSTCO WHOLESALE CORPORATION, a Foreign Corporation; DOES 1-10, and ROE BUSINESS ENTITIES 1-10, inclusive, Defendants*; Case No. A-15-715264-C (hereinafter "State Court Action").

721218v.1

2. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the summons served upon COSTCO WHOLESALE CORPORATION is attached hereto as **Exhibit "A,"** and a copy of the plaintiff's Complaint is attached hereto as **Exhibit "B."**

3. COSTCO WHOLESALE CORPORATION is a foreign corporation domesticated in the State of Washington.

4. Plaintiff SANDRA FORREST was, at the time of the incident that is the subject of the Complaint, and is a resident of the State of Nevada. *See*, Exhibit "B," at ¶ 1.

5. On April 3, 2015, Plaintiff's counsel notified counsel for COSTCO WHOLESALE CORPORATION that Plaintiff, SANDRA FORREST is seeking compensation for approximately eighty two thousand dollars ($82,000) in past medical expenses in this action; therefore, the amount in controversy exceeds seventy five thousand dollars ($75,000), exclusive of interest and costs. *See*, April 3, 2015 Correspondence from A.J. Sharp, Esq. to David P. Pritchett, Esq., attached as **Exhibit "C."**

6. There are no matters pending in the State Court Action that require resolution by this Court.

7. Because this is a civil action between citizens of different states, involving an amount in controversy in excess of seventy five thousand dollars ($75,000), exclusive of interest and costs, removal of this matter is proper as per 28 U.S.C. § 1332.

8. The United States District Court, District of Nevada has original jurisdiction over this action by reason of the diversity of citizenship of the parties.

9. In compliance with 28 U.S.C. § 1446(d), COSTCO WHOLESALE CORPORATION contemporaneously filed a copy of this Notice of Removal with the clerk of the Clark County, Nevada Eighth Judicial District Court, and has provided a written notice to the plaintiff by serving a copy of the instant Notice of Removal upon the plaintiff's counsel.

///

721218v.1

## DIVERSITY OF CITIZENSHIP

10. The plaintiff, SANDRA FORREST is a resident of Nevada.

11. COSTCO WHOLESALE CORPORATION is a Washington corporation; therefore, COSTCO WHOLESALE CORPORATION is a citizen of the State of Nevada for purposes of determining this Court's subject matter jurisdiction.

12. Complete diversity of citizenship existed between the plaintiff, SANDRA FORREST and COSTCO WHOLESALE CORPORATION at the time the plaintiff filed and served her Complaint in the Nevada State Court, and complete diversity of citizenship exists at the time of removal. *See,* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY

13. The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000), exclusive of interest and costs, as required for removal, pursuant to 28 U.S.C. § 1332(a).

14. The plaintiff's action arises from an alleged personal injury that occurred on June 28, 2014.

15. In her Complaint, the plaintiff SANDRA FORREST alleges COSTCO WHOLESALE CORPORATION is liable to her for compensatory damages, based upon a negligence cause of action. The plaintiff's Complaint set forth the following prayers for judgment: "1. For Plaintiff's general damages in an amount in excess of $10,000.00; 2. For health care expense and other special damages in an amount according to proof at trial; 3. For Plaintiff's past and future lost wages and loss of earning capacity in an amount according to proof at trial; 4. For attorneys' fees and costs of suit incurred herein; and 4. For such other and further relief this Court may deem just and proper." *See,* Plaintiff's Complaint, p. 5.

16. Upon information and belief, COSTCO WHOLESALE CORPORATION believes that plaintiff's alleged general damages and special damages – not including awards for prejudgment interest, attorneys' fees, or costs of suit – exceed $75,000. Therefore, COSTCO WHOLESALE

721218v.1

CORPORATION is informed and believes that the amount in controversy between the parties exceeds $75,000.

17. The ad damnum clause set forth in the plaintiff's State Court action is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure; where a plaintiff seeks monetary damages "in excess of $10,000.00." *See*, **Exhibit B**, ¶ 11. As stated in Rule 8(a) of the Nevada Rules of Civil Procedure, "[w]here a claimant seeks damages of more than $10,000.00, the demand shall be for damages 'in excess of $10,000.00' without further specification of amount." Nev. R. Civ. P. 8(a).

18. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir., 2007); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir., 2006).

19. To satisfy the preponderance of evidence test, a defendant must provide evidence that "it is more likely than not" the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996.) The court may look beyond the complaint to determine whether the amount in controversy is met. *Abrego, supra*, at 690.

20. The plaintiff's claim she incurred approximately eighty two thousand dollars ($82,000) in past medical expenses, and her claim she sustained a loss of income and loss of earning capacity set forth in her Complaint, collectively supports the reasonable belief that this action involves an amount in controversy exceeding seventy five thousand dollars ($75,000), exclusive of interest and costs.

///

///

721218v.1

21. Considering the plaintiff's alleged past medical expenses, and alleged loss of past and future income, it is more likely than not that the plaintiff is seeking damages in excess of $75,000.

22. Based on the foregoing, COSTCO WHOLESALE WAREHOUSE meets its burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the seventy five thousand dollar ($75,000) jurisdictional requirement.

23. This Notice of Removal is timely as it is being filed within thirty (30) days after the April 16, 2015 service of the plaintiff's Complaint, which represented the first occasion from which it could be ascertained that this action "[was] one or [had] become one which [is] removable...." *See*, 28 U.S.C. § 1446(b)(2); *see also*, *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 869 (9th Cir 2005).

24. There is complete diversity of citizenship between the plaintiff, SANDRA FORREST and COSTCO WHOLESALE CORPORATION, and the plaintiff is seeking damages in excess of the requisite $75,000; therefore, COSTCO WHOLESALE CORPORATION may remove this action, pursuant to 28 U.S.C. § 1332 and 1441(b).

DATED this 1st day of May, 2015.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY _____
KYM S. CUSHING
Nevada Bar No. 4242
DAVID P. PRITCHETT
Nevada Bar No. 10959
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101-6014
*Attorneys for Defendant*
*Costco Wholesale Corporation*

721218v.1

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on this 5th day of May, 2015, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** as follows:

☒ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk; and/or

☐ via hand-delivery to the addressees listed below; and/or

☐ via facsimile; and/or

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m. (PST/PDT).

Richard Harris, Esq.
Nevada Bar No. 505
A.J. Sharp, Esq.
Nevada Bar No. 11457
Richard Harris Law Firm
801 South Fourth St.
Las Vegas, NV  89101
*Attorneys for Plaintiff*

BY _____
An Employee of WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

Page 6 of 6

721218v.1