# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA FORREST,<br><br>     Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION, a Foreign Corporation; DOES 1-10, and ROE BUSINESS ENTITIES 1-1 inclusive,<br><br>     Defendants. | Case No. 2:15-cv-00843-RFB-CWH<br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 13) and Plaintiff's Motion to Strike or, Alternatively, Motion for Leave to File Sur-Reply (ECF No. 16). This case arises from a slip and fall at the Costco warehouse located at 801 South Pavilion Center Drive, Las Vegas, NV on June 28, 2014. For the reasons stated below, the Court grants Plaintiff's Motion to Strike (ECF No. 16) and grants Defendant's Motion for Summary Judgment (ECF No. 13).

## II.   BACKGROUND

In her Complaint, Plaintiff Sandra Forrest alleges that on June 28, 2014, Plaintiff Forrest was at COSTCO at 801 South Pavilion Center Drive, Las Vegas, NV when she fell and suffered injuries. Compl. ¶ 7. Plaintiff alleges that her fall was a result of Costco's negligence and seeks damages.

Defendant removed this case on May 5, 2015. ECF No. 1. Defendant filed a Motion for Summary Judgment on February 26, 2016. ECF No. 13. Plaintiff filed a Motion to Strike or,

Alternatively, Motion for Leave to File Sur-Reply. ECF No. 16.

The Court held oral argument on July 5, 2016 to discuss, specifically, the Motion for Summary Judgment.

### III.   MOTION TO STRIKE

#### A.  Legal Standard

In the Ninth Circuit, a "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). However, particularly when considering a motion for summary judgment, district courts have broad discretion to consider arguments first raised in a reply brief. Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir.2008) (internal citation omitted). When presented with new arguments not made in an appellant's opening brief, the U.S. Court of Appeals for the Ninth Circuit will review the issue: (1) "for good cause shown"; (2) when it is raised in the opponent's brief; or (3) if failure to raise the issue properly did not prejudice the opposing party. Koerner v. Grigas, 328 F.3d 1039, 1048–49 (9th Cir.2003).

#### B.  Discussion

Plaintiff argues that Defendant's Reply should be stricken as untimely and improperly bringing a new argument not raised in its Motion for Summary Judgment. Specifically, Plaintiff argues that Defendant introduced a new argument not advanced in its Motion, namely that Plaintiff failed to comply with FRCP 26(a)(2)(C)'s requirement that Plaintiff disclose the subject matter on which its expert witnesses will provide evidence and a summary of the facts and opinions to which those witnesses will testify.

In response, Defendant argues that this was not a new argument. Defendant argues that Plaintiff raised a Rule 26 objection in its response to Defendant's MSJ, and that Defendant merely "addressed this argument in its Reply, demonstrating that Plaintiff had failed to meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) as well as Fed. R. Civ. P. 26(a)(2)(B) with respect to the designation of her treating physicians as expert witnesses."

However, upon review of the record, the Court finds that Plaintiff does not raise arguments relating to expert disclosures under 26(a)(2)(C) in its opposition; that Defendant failed to bring an Fed. R. Civ. P. 26(a)(2)(C) argument in its Motion for Summary Judgment; and that Defendants appears to have abandoned its Fed. R. Civ. P. 26(a)(2)(B) argument in its Reply.

Therefore, applying the factors in Koerner, the Court finds that Defendant's Rule 26(a)(2)(C) argument was not raised in its Reply brief for good cause shown; that it was not responsive to an argument raised in the Plaintiff's brief but rather was a new argument not previously raised; and that the Plaintiff would be prejudiced as a result of this argument. See Koerner v. Grigas, 328 F.3d 1039, 1048–49 (9th Cir.2003).

The Court GRANTS Plaintiff's Motion and declines to consider the portion of Defendant's Reply brief relating to the Rule 26(a)(2)(C) argument and will not consider them in its decision regarding the Motion for Summary Judgment.

**IV.  MOTION FOR SUMMARY JUDGMENT**

    **A.  Legal Standard**

        **i.  Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### ii. Negligence

In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The existence of a duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports Entertainment, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause, however, are generally questions of fact for the jury to decide. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001).

With regards to slip and falls specifically, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use. Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322-23 (Nev. 1993) (internal citations omitted).

The Supreme Court of Nevada has indicated that "there is a modern trend toward modifying this traditional approach to premises liability to accommodate newer merchandising techniques, such as the shift that grocery stores have made from clerk-assisted to self-service operations. One such variation is the 'mode of operation' approach. This approach focuses on the nature of the business at issue.  '[W]here an owner's chosen mode of operation makes it reasonably foreseeable that a dangerous condition will occur, a store owner could be held liable for injuries to an invitee if the plaintiff proves that the store owner failed to take all reasonable precautions necessary to protect invitees from these foreseeable dangerous conditions.'" FGA, Inc. v. Giglio, 278 P.3d 490, 496 (Nev. 2012). In Giglio, the Court noted how the "mode of operation" approach was appropriate in grocery stores, as in Sprague, but "does not generally extend to a sit-down restaurant." Id. at 497.

**B. Undisputed Facts**

The Court finds the following facts undisputed. Plaintiff was at Defendant's Costco warehouse facility at 801 South Pavilion Center Drive in Las Vegas, Nevada, on Saturday, June 28, 2014. While Plaintiff was shopping at Costco that Saturday, she slipped and fell on a liquid substance that was on the floor in an aisle. The fall happened in the food section of the warehouse. The fall occurred between 1:50 and 2:00 pm. Prior to the fall, Defendant employee Mr. Ellis inspected the area where Plaintiff fell. The inspection occurred between 10-15 minutes prior to the fall.

The parties agree that Mr. Ellis's inspection that day, or any other day, was or generally was adequate. At the hearing, the parties also agree that Defendant Costco generally maintains their warehouse well.

Nowhere in the record is there evidence that slip and falls regularly or infrequently occur at the warehouse generally or in the area where Plaintiff fell. The record does not indicate how regularly there is debris or liquid on the floor in the area where Plaintiff fell.

**C. Discussion**

Plaintiff does not argue that Defendant had actual notice of the liquid that Plaintiff slipped on, or that the inspection conducted prior to the slip and fall was inadequate. Rather, Plaintiff argues that Defendant was on constructive notice of the liquid and was therefore negligent. Specifically, Plaintiff argues that: 1) because the liquid was on the floor for at least 10 minutes prior to the Plaintiff's fall; and 2) because there is more traffic on Saturday afternoons in the warehouse generally, Defendant was necessarily on constructive notice of the alleged hazard.

In support of her argument, Plaintiff cites to a non-controlling case for the proposition that a liquid need only be on the floor for 5-10 minutes for there to be constructive notice to an operator of a premise open to the public, such that the question should be determined by a jury. Opp'n at 7, citing Rios v. Wal-Mart Stores, Inc. Case No. 2:11-cv-01592-KJD-GWF, 2012 WL 4764383 (D. Nev. Oct. 5, 2012) *2. The Court does not interpret Rios to stand for this proposition; the Rios court did not hold or even state in dicta, that the period of time a liquid is on the floor results in de facto constructive notice to Walmart that should be determined by a

jury. Rather, in Rios, the Court found that the evidence before it, including video footage, suggested that the inspection at issue was inadequate, and therefore a reasonable jury could find that Defendant Walmart failed to adequately keep the premises in a reasonably safe condition. Id. In contrast, the Plaintiff in this case does not argue that the inspection at issue was inadequate.

Plaintiff cites to no decision by the Nevada Supreme Court, nor is this Court aware of such, that supports the position that a store may be on notice of liquid hazard by virtue of a substance being on the floor for a certain period of time, along with a general acknowledgment that foot traffic may increase on the premises during certain days of the week or times of day. Rather, this Court finds that Sprague, which is more directly on point and binding on this Court, requires that the Plaintiff provide some sort of evidence showing that the Defendant was on constructive notice of the hazardous condition. In that case, the Court found a genuine issue of material fact regarding constructive notice based on evidence of a.) the impossibility of keeping the grocery floor clean in the produce department; b.) the produce that was constantly dropped all over the floor; and c.) the subsequent continual hazard that the constant debris produced. Sprague, 849 P.2d 320.

In contrast, no such evidence was provided here. At best, Mr. Ellis indirectly acknowledges that slip and falls may occur at the Costco warehouse generally. P.'s Ex 1 at 50-51. However, he does not specify where these slip and falls occur. Id. He also describes such events as uncommon. Id. Beyond this meager and vague evidence, Plaintiff has provided no evidence to suggest that Costco was on constructive notice of a risk of slip and falls generally, let alone in the area where Plaintiff slipped and fell. Cf. Sprague, 849 P.2d at 322 ("Because of the hazard of produce on the floor, all employees in Lucky's produce department were instructed to always keep an eye open for debris on the floor."). Neither has Plaintiff provided evidence of a continual or any sort of recurring hazard in the area where Plaintiff fell. Cf. Sprague, 849 P.2d at 322 ("customers frequently dig through the produce and drop it on the floor, that during each shift he finds debris on the floor thirty to forty times"). Essentially, what Plaintiff asks this Court to do is expand Sprague to scenarios where Defendant lacks notice of either 1) the hazardous conditions at issue, or 2) the risk of any similar injuries occurring in the area where the injury in

question occurred. The Court does not read Sprague or any of the Nevada Supreme Court decisions to support such an extension, particularly given the sparse record in this case.

Based on the record before it and the arguments made during oral argument on July 5, 2016, the Court GRANTS Defendant's Motion for Summary Judgment. The Court does not address Defendant's alternative Rule 26(a)(2)(B) argument.

V.   **CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion to Strike is granted. ECF No. 16.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is granted. ECF No. 13.  The Clerk of Court is instructed to close the case.

**DATED** this 26th day of September, 2016.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**